## WOOD *v.* THE PHŒNIX INS. CO.*

### (*Circuit Court, E. D. Pennsylvania.* July 1, 1881.)

1. INSURANCE—GENERAL AVERAGE—DECK CARGO.
   Goods carried on deck are entitled to the benefit of general average, where they are so carried in pursuance of a general custom.

2. SAME—IRON PIPE.
   The evidence in this case held to establish such a general custom as to cargoes of iron pipe.

3. SAME.
   The opinion of the district court in this case, (1 FED. REP. 235,) as to the law of the case, concurred in, but the decision reversed upon additional testimony as to custom taken after the appeal.

Appeal from the Decree of the District Court.

This was a libel by the owner of a deck load of iron pipe, jettisoned, against the underwriter of the balance of the cargo, to recover contribution by general average. The court below decided that, as a general rule, goods carried on deck were not entitled to the benefit of general average; that to this rule there were several exceptions, among which was the case of goods carried on deck in pursuance of a general custom; that the burden of proving such custom was on libellant, and that his evidence had not been sufficient to establish it. (Reported 1 FED. REP. 235.) Libellant appealed, and in the circuit court took the testimony of five additional witnesses,

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

to the effect that iron pipe, being of light weight in proportion to its bulk, it is necessary to load part of the cargo on deck, in order to give the vessel her full cargo, and that there was a general custom so to load.

*Henry G. Ward*, for appellant.

*Henry Flanders*, for appellee.

McKENNAN, C. J. The learned judge of the district court, who decided this cause, so clearly and accurately stated the law which governs it, as I think it ought to be held to exist, that I do not propose to amplify or repeat his statement. I adopt it fully. As a general rule the jettison of a deck cargo would not entitle its owners to contribution in general average from the cargo stowed below deck. But where, in pursuance of a general custom of the trade to which the special kind of cargo belongs, the vessels engaged in its transportation are loaded partly on deck and partly under deck, and the deck cargo is necessarily sacrificed for the safety of the rest, the general cargo may be subjected to contribution to pay the loss.

In the court below the case turned upon the existence of such a custom, and was properly decided upon the insufficiency of the proof of it. Since the case came into this court further evidence has been taken, which shows it to be the custom, where a full cargo of gas pipe is shipped, that part of it is stowed above and part below deck. This is the uniform usage among manufacturers of gas pipe east of the Alleghanies, who employ water transportation, and for the reason that, on account of the light weight of the article compared with its bulk, the full capacity of the vessel cannot be made available without such distribution of the cargo. It is coeval with the manufacture and transportion of gas pipe on a large scale, and it is, therefore, shown to have been of such general prevalence and long continuance as to entitle it to be recognized as a general custom of the trade.

There must, then, be a decree for the libellant against the respondent for its contributory portion of the loss caused by the jettison. This is admitted to be $77.50, and for this sum, with interest from the date of filing the libel, and costs in this court alone, decree will be entered.